# Fleccia *v.* Atkins, Appellant.

*Negligence—Death from falling brick—Probable cause, eliminating evidence of other causes—Evidence.*

1. In an action for the death of plaintiff's husband struck by a brick while at work on a building operation, although it is shown that the employees of defendant, a subcontractor, were actually at work on the building and at least one of them was in a position from which he might have dropped the brick in question, yet, if there is nothing to show that, at the moment of the accident, defendant's employees were actually handling bricks directly above the part of the area-way in which plaintiff's husband was working or that other probable causes were eliminated, plaintiff cannot recover: Laven v. Moore, 211 Pa. 245, followed; Booth v. Dorsey, 208 Pa. 276, distinguished.

*Negligence—Trespass—Affidavit of defense—Formal averments —Evidence—Act of May 14, 1915, P. L. 483.*

It is the purpose of the Act of May 14, 1915, P. L. 483, in the absence of contradiction by affidavit of defense, to dispense, in actions of trespass, with proof of certain formal averments as to the instrumentality or agency of the person involved in the occurrence and charged with responsibility therefor, but not to relieve plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc.

Argued January 13, 1921. Appeal, No. 140, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1918, No. 4664, on verdict for plaintiff, in case of Gieuseppina Fleccia v. Edward Atkins. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

**574**        FLECCIA *v.* ATKINS, Appellant.

Trespass for death of plaintiff's husband.   Before
PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for
judgment n. o. v., quoting record.

*T. R. White,* with him *H. W. Moore,* for appellant.—
There was no evidence which warranted the submission
of this case to the jury: Laven v. Moore, 211 Pa. 245;
Zahniser v. Penna. Torpedo Co., 190 Pa. 350; Allen v.
Kingston Coal Co., 212 Pa. 54; Salerno v. Ry., 46 Pa.
Superior Ct. 243; Laing v. Remington Arms Co., 264
Pa. 130; Freedman v. Wager, 73 Pa. Superior Ct. 180.

*John J. McDevitt, Jr.,* for appellee.—Appellant, by
his failure to file an affidavit of defense, has admitted the
averments in the statement of the ownership and possession of the instrumentality involved and the identity
and agency of the person causing the injury: Flanigan
v. McLean, 267 Pa. 553.

This case is ruled by Booth v. Dorsey, 208 Pa. 276.

OPINION BY MR. JUSTICE FRAZER, May 26, 1921:

Plaintiff's husband was employed as a laborer by a
subcontractor engaged in the construction of a building
at Tenth and Chestnut streets, Philadelphia.   While
employed in the light-well of the building in unloading
material from a wagon into the basement, a brick fell
from one of the upper floors striking plaintiff's husband
on the head and inflicting fatal injury.   Defendant was
the subcontractor for the brick work and plaintiff's contention is that the fall of the brick was due to the carelessness of an employee of defendant who was working on
the ninth floor of the building near the light-shaft.   The

trial judge submitted the case to the jury, a verdict was rendered for plaintiff and defendant has appealed.

The facts shown by plaintiff's testimony were stated by the trial judge in his charge, as follows: "That the deceased was working on the ground at the bottom of a light-well; (2) that one of defendant's bricklayers was seen working about an hour prior to and about ten minutes after the accident on a scaffold on the ninth floor and within an area of five feet of a plumb line dropped to the point of the accident; (3) that at the time of the accident a man, who was standing on an intervening floor, saw a half brick come down through the light-well, followed by a whole brick; (4) that something was heard striking the deceased who then fell to the ground unconscious; (5) that at the place where the deceased had been struck, there was found a brick covered with blood and that blood was spattered upon other objects in the immediate locality. It was shown on cross-examination of plaintiff's witnesses, that men, employed by others than the defendant, were working in and about the building at the time of the accident." The evidence further shows that pieces of bricks and other materials were scattered over the various floors and also that bricks were allowed to lie on the sills of windows facing the light-well on different floors throughout the building.

The proofs as to the place from which the brick came merely fixed it between the third and the ninth floors, on which latter floor defendant's bricklayer was seen at work within the time above indicated. Under these circumstances we are forced to the conclusion that plaintiff failed to meet the burden the law imposes upon her to prove by satisfactory evidence not only that defendant was in a position to have caused the injury but also to exclude every other probable cause. We are unable to distinguish this case from Laven v. Moore, 211 Pa. 245, where a plumber's helper was injured by a falling brick while at work at an open hatchway on the second

floor of a building. In that case plaintiff's theory was that the brick dropped from the fifth floor of the building where two employees of defendant were engaged in removing a scaffold previously used by bricklayers. Plaintiff there also offered evidence to the effect that while other workmen were engaged in various parts of the building, none were working directly overhead at the time the accident happened. Notwithstanding this testimony this court held plaintiff failed to exclude other probable causes of his injury, as no evidence was produced to show what caused the brick to fall, nor the floor from which it came, or that there were, in fact, bricks at or near the place where the scaffold builders were working at the time, or that other floors or places from which it might have fallen were free from such material. For these reasons the court distinguished the case from Booth v. Dorsey, 208 Pa. 276, here relied upon by plaintiff, where it was shown that while other workmen were engaged in different parts of the building, none but defendant's employees were engaged in handling bricks and at the very moment of the accident "were engaged in throwing bricks up on a platform from which if carelessly or too forcibly thrown they might roll off and fall at or about where this one fell. Other evidence tended to show that there were no other persons in the part of the building from which the brick had come. In this way, by showing that defendant's employees were in position to have caused the accident, and by the exclusion of any others, a sufficient prima facie case was made out to go to the jury."

Although the distinction between Booth v. Dorsey on the one hand and Laven v. Moore and the present case on the other hand, is a narrow one, the difference is clearly defined. In the case first mentioned the testimony established that defendant's workmen were actually engaged at the exact moment the accident happened in passing bricks to a platform directly overhead and from which a falling brick would strike a person in

the position occupied by the injured workman. Here, as in Laven v. Moore, while it was shown defendant's employees were actually at work on the building and at least one of them in a position from which he might have dropped the brick which fatally injured plaintiff's husband, there was nothing to show that at the moment of the accident they were actually handling bricks directly above the part of the area-way in which plaintiff's · husband was working, or that other probable causes were eliminated.

Since the judgment must be reversed for the reasons stated above, we have decided to dispose of a further question, raised at the trial of the case and discussed by counsel in their paper-books, but not assigned for error because ruled in favor of defendant, and render a final judgment pursuant to the Act of May 20, 1891, P. L. 101, section 2, giving us authority to enter such judgment, order or decree, as we may deem proper and just, without returning the record to the court below. Plaintiff's statement avers, inter alia, that defendant, by his agent or servant, "carelessly and negligently allowed or caused a brick or other hard substance to fall from the said building striking the decedent and inflicting in and upon his body fatal injuries." At the trial plaintiff contended that defendant's failure to file an affidavit of defense was equivalent to an admission that the injury was caused by a brick dropped by defendant's workman, relying upon section 13 of the Practice Act of May 14, 1915, P. L. 483, which provides that, "in actions of trespass, the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered

or denied, but shall be deemed to be put in issue in all cases, unless expressly admitted." While the absence of an affidavit of defense relieved plaintiff of the burden of proving that the person alleged to have caused the brick to fall was employed by defendant, or that the latter was in temporary possession of the building and doing work thereon, the Practice Act cannot be construed to admit the specific act of negligence, to wit, the careless act of permitting the brick to fall. The construction of this section of the act was discussed in the recent case of Flanigan v. McLean, 267 Pa. 553, where it was stated, "the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor—not to relieve a plaintiff from proving the vital averments of his declaration as to injury, negligence, damages," etc. The trial judge, consequently, did not err in requiring plaintiff to prove that defendant's workman caused the brick to fall.

Inasmuch as plaintiff in this unfortunate case has failed to sustain the burden the law casts upon her, the judgment is reversed and judgment directed to be entered for defendant non obstante veredicto.