## Charlap *v.* Lepow, Appellant.

*Practice Act of 1915—Affidavit of defense—Trespass—Admission by failure to file affidavit of defense—Reversible error.*

In an action of trespass, the defendant, by failing to file an affidavit of defense, does not admit an averment in plaintiff's statement that defendant's car was being driven in an easterly direction on a one way street in which traffic is only permitted to move in a westerly direction. The burden is still on the plaintiff to prove such an averment.

It is the purpose of the Practice Act, in the absence of contradiction by affidavit of defense, to dispense, in actions of trespass, with proof of certain formal averments as to the person by whom the alleged negligent act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and things of like nature. The plaintiffs are not relieved from proving the material averments of his declaration as to injury, negligence, damages, etc., and the defendant is not required to specifically plead substantial defenses, like its own lack of negligence, contributory negligence of the plaintiff or a release.

Argued. October 19, 1925.   Appeal No. 170, October T., 1925, by defendant from judgment of Municipal Court of Philadelphia, May T., 1924, No. 855, on verdict for plaintiff in case of Morris Charlap v. William Lepow.   Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Affirmed.

Trespass for damages to automobile.   Before Walsh, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff and judgment thereon.   Defendant appealed.

*Error assigned* was, among others, the charge of the court.

*George H. Detweiler,* for appellant.—The trial court erred in charging the jury that the pleadings admitted that defendant was coming eastwardly on Lehigh Avenue:   Wilson v. Adams Express Co., 72 Pa. Superior Court 384; Flanigan v. McLean, 267 Pa. 553; Leonard v. Colman, 273 Pa. 62; Kirk v. Showell Fryer & Co., 276 Pa. 587; Cunningham v. Wilkes-Barre Railway Co., 78 Superior Court 550.

*Wm. O. Armstrong,* for appellee.—Every averment in the plaintiff's statement of claim except such as show negligence or proved damages is to be taken as admitted.—McGlinchey v. Steigerwald, 73 Superior Court 520; Gillespie v. Pennsylvania Railroad, 272 Pa. 393; Myers v. Pfeiffer, 84 Superior Court 505.

Opinion by Porter, J., December 14, 1925:

This is an action of trespass for the recovery of damage to property alleged to have resulted from the collision of two automobiles.   The plaintiff recovered

a judgment in the court below and the defendant appeals. No affidavit of defense was filed, and at the trial plaintiff offered in evidence paragraph 2 of the statement of claim, reading as follows: "2. That at the same time and place, the defendant was driving an automobile in an easterly direction on the said Lehigh Avenue at and about its intersection with the said Chalmers Avenue." Counsel for the defendant objected to so much of the paragraph as stated that the defendant was driving "in an easterly direction on the said Lehigh Avenue." The court overruled the objection, to which ruling defendant excepted. Counsel for the plaintiff seems to have deemed it important to establish that the defendant had been driving his car eastwardly on Lehigh Avenue and in his closing argument to the jury dwelt on the matter at considerable length; upon request of counsel for the defendant the court directed the official stenographer to take down his remarks; and a motion was made on behalf of defendant to withdraw a juror which motion the court overruled, granting an exception to the defendant. The court instructed the jury that the pleadings established that defendant's car was going eastwardly on Lehigh Avenue, and there being no affidavit of defense that fact was admitted; which instruction is assigned for error.

The correctness of the rulings assigned for error is to be determined by the construction to be placed on section 13 of the Practice Act of 1915, P. L. 483. The language of this section has been so frequently quoted that it is not necessary here to repeat it. We considered the effect of this section, in actions of trespass in which no affidavit of defense was filed in Wilson v. Adams Express Co., 72 Pa. Superior Ct. 384; and in an opinion by our brother HEAD, who spoke for the court, said: "Its first clause mentions a number of facts frequently not the subject of any substantial contest where the averments of the declaration may with

propriety be regarded as established facts, if not denied by an affidavit. The second clause of the section, however, we think declares in no doubtful terms that notwithstanding the absence of an affidavit, the plaintiff must still carry the burden of proof of the facts necessary to establish the legal liability of the defendant and the amount thereof except as to such matters as are mentioned in the first clause of the section or may be fairly said to be ejusdem generis with those mentioned.'' The legislative intention was in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the person by whom the alleged negligent act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and things of like nature. The plaintiff is not relieved from proving the material averments of his declaration as to injury, negligence, damages, etc., and the defendant is not required to specifically plead substantial defenses, like its own lack of negligence, contributory negligence of the plaintiff, or a release: Flanigan v. McLean, 267 Pa. 553; Leonard v. Coleman, 273 Pa. 62; Fleccia v. Atkins, 270 Pa. 573. In the case last cited the statement of plaintiff's cause of action averred that the defendant, by its agent or servant, carelessly and negligently allowed or caused a brick to fall from a building striking the decedent and inflicting in and upon his body fatal injuries. It was contended by the plaintiff that the failure to file an affidavit of defense was equivalent to an admission that the injury was caused by a brick dropped by defendant's workman. The Supreme Court held that while the absence of an affidavit of defense relieved plaintiff from the burden of proving that the person alleged to have caused the brick to fall was employed by defendant, or that the latter was in temporary possession of the building and doing work thereon, the Practice Act could not be construed to

admit the specific act of negligence, to wit, the careless act of permitting the brick to fall.

The averment that the car of the defendant was being driven in an easterly direction along Lehigh Avenue was not such a matter as the defendant was called upon to contradict by an affidavit. Had the statement averred that the car was being driven at a reckless rate of speed, or upon the wrong side of the street, it would hardly be suggested that a defendant admitted the truth of such an averment by the mere failure to file an affidavit of defense. The failure to file an affidavit amounts to an admission of responsibility for the manner in which the car is operated, but it does not amount to an admission that the car was operated in the place, in the manner, or in the direction averred in the statement. If the fact that defendant's car was being driven in an easterly direction involved negligence on the part of the driver, as in case of a one-way street in which traffic is only permitted to move in a westerly direction, a defendant should not be held to have admitted that fact, merely because he failed to file an affidavit of defense. If the averment that defendant's car was being driven in an easterly direction was material to plaintiff's right to recover, then the failure to file an affidavit of defense did not relieve the plaintiff from proving the fact, nor did it deprive the defendant of the right to contradict it at the trial, and the statement ought not to have been received in evidence. If, on the other hand, the direction in which defendant's car had been driven prior to the accident was not material to the rights of the parties in this case, the immaterial evidence ought not to have been admitted; in either case the court below erred in admitting those particular words of the statement in evidence. The effect of the failure to file an affidavit of defense in the present case was to establish that this defendant was himself driving the car which the plaintiff averred was negligently operated.

The mere fact that a technical error has been committed in the trial of a case does not, however, necessarily result in a reversal of the judgment. A paragraph of the statement of claim in this case which was not offered in evidence averred that the defendant was driving his car at a high and improper rate of speed . .. ... .failed to so control said automobile as to avoid a collision and violated the law by making an improper turn from Lehigh Avenue into or toward Chalmers Avenue. This was notice to the defendant that it was not charged that at the moment of the collision he was driving eastwardly along Lehigh Avenue but was crossing that avenue towards Chalmers Avenue, which avenue opened out of Lehigh Avenue on the northerly side thereof. There was but one witness produced by the plaintiff who testified as to the direction from which the car of the defendant had come; that witness said that he had seen some automobile which he believed to be that of the defendant coming along the south side of Lehigh Avenue in an easterly direction at Thirty-first Street when he, the witness, was between Twenty-ninth and Thirtieth Streets, about a square and a half away, but the testimony of the witness clearly discloses that he had not kept that car in view, that there was a trolley car between him and the approaching car and that the first he saw of the car which came into collision with the car he was driving (that of the plaintiff) was when it was only eight or nine feet distant from him, as it came around the end of the trolley car. This witness testified in answer to a direct question that the car of the defendant was then going in a northerly direction towards Chalmers Avenue. The evidence introduced by the defendant was that he had not been driving along Lehigh Avenue but had come into that avenue at Thirtieth Street, which street there ends, and was driving across Lehigh Avenue to Chalmers Avenue, which opened on the north side of Lehigh Avenue a few feet east of the

point where Thirtieth Street entered the south side of that avenue. The effect of the testimony on both sides of the case was to establish that the defendant was driving across Lehigh Avenue for the purpose of entering Chalmers Avenue and that the collision occurred on the north side of Lehigh Avenue directly opposite Chalmers Avenue. The testimony as to the rate of speed of the cars, respectively, was conflicting. If the evidence produced by the plaintiff was true, the defendant was driving at a highly reckless rate of speed and ran into the car of the plaintiff when the latter was about three-fourths of the way across the intersection of Chalmers Avenue. If the testimony produced by the defendant was true, he had brought his car to a full stop and the car of the plaintiff was driven at a high rate of speed into collision with the standing car of the defendant. The case was presented to the jury by the learned judge of the court below with instructions concerning the alleged negligence of the defendant and the contributory negligence of the plaintiff in a manner which is not assigned for error and of which no complaint is made. We are of opinion that the averment of the statement that the car of the defendant was being driven in an easterly direction, which was erroneously admitted, worked no injury to defendant's cause and was immaterial. The question in the case was not how defendant's car arrived at the point on the southerly side of Lehigh Avenue, at the intersection of Thirtieth Street. The real question was as to how the car of the defendant was operated in crossing from the south side of Lehigh Avenue to Chalmers Avenue on the north side of Lehigh, and whether the car of the plaintiff had been operated in such a manner as to charge him with contributory negligence.

The judgment is affirmed.