## Lutterschmidt *v.* Stahlnecker, Appellant.

Argued February 1, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and DREW, JJ.

*L. H. Schantz*, with him *Horace W. Schantz* and *Harry D. Kutz*, for appellant.—The averments of the statement were improperly admitted: Flanigan v. McLean, 267 Pa. 553.

Nowhere in the testimony of this case can be found any evidence of negligence on the part of defendant.

Where in a negligence case plaintiff's own testimony stands not only opposed to that of several disinterested witnesses, but is shown to be untrue by incontrovertible

physical facts, it is error to submit the case to the jury: Lessig v. Transit & Light Co., 270 Pa. 299; Horen v. Davis, 274 Pa. 244; Bernstein v. R. R., 252 Pa. 581, 587.

*William H. Schneller,* for appellee.—There was no error in admitting the averments of the statement of claim.

Decedent is presumed to have been traveling on his right side, the east side of the bridge, as he was riding in a northwardly direction: Perry v. Rybach, 302 Pa. 565.

No new trial should be granted and no judgment n. o. v. should be entered in an action to recover damages for a death caused by defendant's alleged negligence, when the evidence as to the negligence of defendant is conflicting.

The entire defense of appellant was an effort to rebut the presumption of due care on part of plaintiff. The credibility of the witnesses, called to rebut this presumption, was necessarily a question for the jury: Perry v. Ryback, 302 Pa. 559; Hartig v. Ice Co., 290 Pa. 21; Galliano v. Electric Co., 303 Pa. 498.

OPINION BY MR. JUSTICE MAXEY, March 14, 1932:

This is an action of trespass for damages arising out of a collision between appellant's automobile and a motorcycle operated by the husband of the appellee. As a result of the collision appellee's husband was killed. Appellee recovered a verdict of $5,303. Binding instructions had been asked for and, after the verdict, appellant made motions for a new trial and for judgment n. o. v. The court below refused both motions.

The question before us is whether or not there was any error in the admission in evidence of certain paragraphs of appellee's statement of claim. At the time of the fatal collision the car of the appellant was traveling in a southerly direction and its proper place was therefore on the west side of the highway. The motorcycle

of appellee's husband was traveling in a northerly direction. Its proper place was therefore on the east side of the highway. The thirteenth paragraph of the statement of claim specifically sets forth that the motorcycle which appellee's husband was operating in a northerly direction "at the time" was "along the east side" of the highway. In other words, it averred that the decedent was on the proper side of the highway. The appellant filed no affidavit of defense. In the course of the trial the appellee offered in evidence the thirteenth paragraph of the statement as being an admission of the appellant by reason of the fact that no affidavit of defense was filed. It was admitted over objection. Its admission constitutes the third assignment of error. Section 13 of the Practice Act of 1915, provides: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

Appellant contends that the averment in section thirteen of the statement as to the location of appellee's husband's motorcycle at the time and place of the accident was not an averment which comes within the provisions of section thirteen of the Practice Act and therefore that it was improper to admit it for the purpose of proving the location of the motorcycle at or just before the accident, and that the location of the motorcycle at that time is more properly classified among the averments "of the other facts on which the appellee relies to establish liability," because the determination of the chief issue in the case, the alleged negligence

of the appellant, rested largely upon the determination of the question whether the appellant or appellee's decedent was on his respective proper side of the highway. In Flanigan v. McLean, 267 Pa. 554, this court held, in interpreting the above quoted provisions of the Practice Act, that, "The legislative intent was, in actions of trespass, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality or agency of the person involved in the occurrence and charged with responsibility therefor but not to relieve plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc., or to require defendant to specially plead substantial defenses, like its own lack of negligence or the contributory negligence of plaintiff." In the case of Charlap v. Lepow, 87 Pa. Superior Ct. 466, which was a case arising from a collision between two automobiles, the Superior Court said: "The averment that the car of the defendant was being driven in an easterly direction along Lehigh Avenue was not such a matter as the defendant was called upon to contradict by an affidavit. Had the statement averred that the car was being driven at a reckless rate of speed, or upon the wrong side of the street, it would hardly be suggested that a defendant admitted the truth of such an averment by the mere failure to file an affidavit of defense. ...... If the fact that defendant's car was being driven in an easterly direction involved negligence on the part of the driver, as in case of a one-way street in which traffic is only permitted to move in a westerly direction, a defendant should not be held to have admitted that fact, merely because he failed to file an affidavit of defense." The third assignment of error is sustained.

The first assignment of error relates to the admission over objection of the eighth paragraph of the statement which avers that the appellant at the time and place stated was operating a motor vehicle in a southerly di-

rection and the second assignment of error relates to the admission over objection of the twelfth paragraph of the statement which avers that appellee's decedent was operating his motorcycle in a northerly direction. The facts pleaded in paragraphs 8 and 12 and which were not denied by any affidavit of defense were not so vital to the controlling issue in this case as the fact pleaded in paragraph 13; nevertheless the averments in paragraphs 8 and 12 do not come within the provisions of the last half of the thirteenth paragraph of the Practice Act of 1915, and paragraphs 8 and 12 should not have been received in evidence. The first and second assignments of error are therefore sustained.

The seventh assignment of error is based upon the court's refusal of appellant's motion for a new trial and for judgment n. o. v. So far as it relates to a new trial it is sustained.

The fourth, fifth and sixth assignments of error are dismissed.

The seventh and eighth assignments of error referred to the court's denial of motions respectively for a new trial and for judgment n. o. v. So far as they relate to the motion for a new trial they are sustained. So far as they relate to judgment n. o. v., they are dismissed.

The judgment is reversed with a venire facias de novo.