### University Club *v.* American Mutual Liability Insurance Company of Boston, Appellant.

Argued October 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herbert G. Marvin,* with him *Ralph N. Kellam,* for appellant.

*Wayland H. Elsbree,* with him *Algernon R. Clapp,* of *White & Clapp,* for appellee.

OPINION BY KELLER, P. J., January 29, 1937:

By its policy of insurance entitled 'Standard Workmen's Compensation and Employer's Liability Policy' the defendant agreed with plaintiff, hereinafter referred to as the Club, "as respects personal injuries sustained by employees", as follows:

I(a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law (1) all payments of compensation due for any such injury and (2) the proper cost of medical etc. services for the benefit of such person.[1]

"I(b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada . . . . . .

"III. To Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceeding alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

"IV. To pay all costs taxed against this Employer in any legal proceeding defended by the Company, all interest accruing after entry of judgment and all expenses incurred by the Company for investigation, negotiation or defense."

The policy was issued on January 1, 1927 and was to be in force for one year.

On or about January 26, 1927, a bell boy in the Club's employ, named Orlo E. Cook, sustained personal injuries while riding in an elevator in its club house.

---

[1] Clause I(a) is here only briefly summarized.

On September 28, 1927 the said Orlo E. Cook, by his mother and next friend, Maud Gregg, and the latter, in her own right, brought an action of trespass in the Court of Common Pleas No. 2 of Philadelphia County against the Club to recover $25,000 damages alleged to have been sustained by them ($15,000 and $10,000 respectively) by reason of the personal injuries suffered by said Orlo E. Cook on January 26, 1927, it being averred in the statement of claim in said action that the said minor plaintiff was at the time of the accident seventeen years of age, that in pursuance of his duties as bell boy it became his duty to operate a power driven elevator, that said operation was in accordance with instructions given him by the steward of the Club, and that the said elevator was defective, in that the cage was not properly protected, by reason of which defective condition the employee had received the injuries aforesaid. It will be noted that the plaintiffs in that action, in their statement of claim, based their right of recovery on the defective condition of the elevator, and did not aver, or specifically rely on, any illegal employment of the minor plaintiff.

The Club gave the defendant insurance company immediate written notice of the accident above referred to, and upon being served with a copy of the summons in the action brought by said Orlo E. Cook and Maud Gregg, immediately transmitted the same to the defendant insurance company and requested it to defend the same; but the defendant insurance company refused to do so. Whereupon the Club employed Thomas Raeburn White as its attorney to represent it and defend against the claims of the said Orlo E. Cook and Maud Gregg in said action in Common Pleas No. 2.

The case was so proceeded with that on April 9, 1931 it was called for trial and a non-suit was entered because of the plaintiffs' absence.

The Club thereupon brought the present action

against the insurance company defendant to recover $310, which, it is agreed, represents the reasonable attorney fee of the said Thomas Raeburn White in defending said action in Common Pleas No. 2.

The case was tried in the Municipal Court by a judge, without a jury, who found for the plaintiff club for $310 and interest, on which judgment was entered for $398.37. Defendant appealed.

The defendant did not devote any attention to the alleged defective condition of the elevator relied on by the plaintiffs in the action in Common Pleas No. 2. It rested its defense on the averment in the statement of claim in that action, that the minor plaintiff was seventeen years of age at the time of the accident, and contended that it was illegal to employ an elevator operator under eighteen years of age;[2] and that this illegal employment relieved the defendant insurance company of any and all liability under the policy for the injuries suffered, and of the duty of defending the action or paying the expenses of such defense.

To the affidavit of defense setting up these matters the Club filed a plaintiff's reply denying that the said Orlo E. Cook, on January 26, 1927, was seventeen years of age, and averring that he was on that date over

---

[2] We presume defendant referred to the Act of May 13, 1915, P. L. 286, which in section 5 (p. 289) provides: "In addition to the foregoing, it shall be unlawful for any minor under eighteen years of age to be employed or permitted to work in any other occupation dangerous to the life or limb, or injurious to the health or morals, of the said minor, as such occupation shall, from time to time, after public hearing thereon, be determined and declared by the Industrial Board of the Department of Labor and Industry." Pursuant to which authority it is averred that the said Industrial Board, under date of April 13, 1916, by rule M-3 adopted the following ruling: "That minors under eighteen years of age shall not be permitted to operate or manage any elevator, either passenger or freight, or any other hoisting or lifting machinery or device."

eighteen years of age; denying that it was the duty of said Orlo E. Cook to operate an elevator, or that he operated it in accordance with instructions given him by the steward of the Club; and averring that his duties were solely those of a bell boy.

At the trial this defendant produced no evidence in support of its averment that Orlo E. Cook was under eighteen years of age at the time of the accident, on which it based its defense that his employment was illegal. The fact that the plaintiffs in the action in Common Pleas No. 2 had averred in their statement that he was seventeen years old at the time of the accident and that the insured Club, as defendant in that action, had filed no affidavit of defense therein, was not competent and sufficient evidence that the averment was true. The failure to file an affidavit of defense in that case admitted only the employment of Cook and the ownership of the elevator. The other averments tending to establish liability on the part of the Club, to wit, the negligence alleged, the age of the employee, from which the illegality of employment was inferred by this defendant, etc. were not admitted. They had to be proved on the trial: *Fazio v. Pittsburgh Rys. Co.*, 321 Pa. 7, 12, 182 A. 696; *Jones v. McNichol Paving & Const. Co.*, 317 Pa. 246, 248, 176 A. 444; *Lutterschmidt v. Stahlnecker*, 307 Pa. 5, 9, 160 A. 615; *Charlap v. Lepow*, 87 Pa. Superior Ct. 466, 469; *Flanigan v. McLean*, 267 Pa. 553, 557-8, 110 A. 370; *Fleccia v. Atkins*, 270 Pa. 573, 578, 113 A. 842. The non-suit applied to every ground of liability averred in the statement of claim.

The defendant had agreed, in its policy, to defend any suits, etc. instituted against the employer on account of personal injuries sustained by its employees, and demanding damages, etc., although such suits and demands were wholly groundless, false or fraudulent. Its policy, unquestionably, insured this

plaintiff as respects injuries happening to persons lawfully employed, caused by the defective condition of the elevator. The burden was on the defendant to prove the facts relied upon to sustain its affirmative defense that the minor employee, Cook, was illegally employed at the time of the accident *(Bowers v. Great Eastern Casualty Co.*, 260 Pa. 147, 148, 149, 103 A. 536; *Goldsboro v. Loyal Protective Ins. Co.*, 93 Pa. Superior Ct. 583, 585; *Crahan v. Auto Underwriters*, 116 Pa. Superior Ct. 353, 355, 176 A. 817) and that it was, in consequence, relieved of liability to defend the action on that score. This it wholly failed to do.

We need not discuss the other matters relied on by appellee.

The judgment is affirmed.