Mazzo *v.* F. W. Woolworth Co., Inc., Appellant.

Argued September 29, 1939. ▮▮▮▮▮▮

Before KELLER, P. J., CUNNINGHAM,

244

BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Philip H. Strubing,* with him *Charles E. Kenworthey,* for appellant.

*Albert H. Wernick,* for appellee.

OPINION BY KELLER, P. J., March 2, 1940:

Plaintiff brought this action of trespass against the defendant to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendant.

The plaintiff's statement of claim averred in substance that defendant owned and operated a store on the west side of 60th Street, between Market and Ludlow Streets, a public highway in the City of Philadelphia; that on November 11, 1935 while plaintiff was walking in front of 18 S. 60th Street, he tripped and was thrown by a board which partly surrounded a newly cemented block of defendant's pavement; by reason whereof he fell and sustained injury; that the said board surrounding the newly cemented pavement block "existed on said sidewalk for some period prior" to said fall; and that the defendant negligently failed to give warning of the dangerous position of the board or to police or barricade the aforementioned cement block, or place a light or other signal to warn of the danger of the condition of the pavement so as to protect from injury anyone who might walk over and along the west side of 60th Street.

It will be noted that there was no definite averment that property No. 18 S. 60th Street formed a part of defendant's store. It is clear that the accident was not due to a hole or defect in the sidewalk itself, but was caused by a board which "partly surrounded a newly cemented block of defendant's pavement", and had evidently been *put there* to prevent walking on the cement block until the concrete had set and hardened. The statement did not aver that the board surrounding the newly laid cement block had been placed there by the defendant, or its agents, employees or servants. The defendant did not file an affidavit of defense.

This appeal is concerned with the correctness of certain rulings of the trial court on the rejection of evidence offered by the defendant and the effect to be given certain undenied averments in the plaintiff's statement.

The Practice Act of 1915, P. L. 483, makes a distinction between actions of assumpsit and actions of trespass, as respects the necessity for filing affidavits of defense. In the former, they are required in all cases. In the latter, —actions of trespass—, "the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six;[1] the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in

---

[1] "Section 6. Every allegation of fact in the plaintiff's statement of claim, ...... if not denied specifically or by necessary implication in the affidavit of defense, ...... or if no affidavit of defense ...... be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity as provided in section seven, and except as provided in section thirteen."

issue in all cases unless expressly admitted ......" (section 13).

In accordance with the above provisions the plaintiff offered in evidence on the trial the paragraphs in the statement averring (1) the incorporation of the defendant; (2) that defendant owned and operated one of its stores on the west side of 60th Street between Market and Ludlow Streets, Philadelphia; and (3) that 60th Street was a public highway in the City of Philadelphia. The defendant also admitted of record that it was the owner of the property at 18 South 60th Street. Plaintiff's counsel then called the plaintiff who testified that about 12:30 o'clock in the morning of November 11, 1935, while walking south on 60th Street, he had stumbled over a wooden moulding placed around a fresh cement block, three feet by three feet, abutting on the curb in front of defendant's store. The moulding was square and was made of boards and was about six inches high. He noticed no lights there. Plaintiff also called Charles Given, the manager of defendant's store, who testified that a cement block, three feet by three feet, had been put in the pavement adjoining the curb. He could not tell when or what time of day the cement block had been put in—"I let the contract to the contractor and it was up to him." On cross-examination of this witness the court would not allow him to testify who put the cement block in or give any details of who did it or as to the contract for doing the work. So, too, when it came to the defendant's case, it was not allowed to offer any testimony showing that the defendant had employed one Thomas Dougherty as a contractor to do this work and that he was an independent contractor, with full control over the manner and means of doing the work. The court excluded all this testimony on two grounds: (1) Because defendant had filed no affidavit of defense, and ownership of the property carried with it responsibility for the condition of the sidewalk; and (2) because defendant had not brought in Dougherty as an addi-

tional defendant by scire facias proceedings under the Act of April 10, 1929, P. L. 479, and its amendments. In our opinion neither ground justified the exclusion of the evidence.

(1) While it is true that by failing to file an affidavit of defense the defendant admitted that it owned and operated a store on 60th Street, and admitted on the record at the trial that it owned the store at 18 South 60th Street, it did not thereby admit any negligence in connection with such ownership and operation. Negligence is never admitted from a failure to deny ownership. It is also true that an owner and operator of a store building is generally responsible for the negligent maintenance of a sidewalk in front of his property, which has existed long enough to put him on notice of the defect. But such negligence must be proved at the trial and can always be defended against. It is only *averments of fact contained in the plaintiff's statement of claim*, as respects the *agency or employment* of a *person* who committed the negligent act, or the *ownership or possession* of the *instrumentality*, etc. involved in the negligent act, which are admitted in actions of trespass by failure to file an affidavit of defense. *Legal conclusions* which may be deducible from allegations of fact in the plaintiff's statement are not admitted by failing to file an affidavit of defense. An owner and occupier of real estate is not an insurer. He is liable only for injuries resulting from his negligence, and he has a right to produce evidence which rebuts his negligence. This was not the case of a hole or defect in the sidewalk into which the plaintiff fell. He fell over a wooden moulding or barrier, six or eight inches high, purposely put there to keep pedestrians from walking on the newly made cement block until it had hardened. The moulding or barrier was the instrumentality involved in the plaintiff's fall; just as a coal hole lid was the instrumentality involved in *Vendig v. Union League*, 291 Pa. 536, 140 A. 503; an iron screen placed on the sidewalk, in

*Annett v. American Stores Co. et al.,* 333 Pa. 589, 5 A. 2d 97; a box for milk bottles, in *Anderson v. Supplee-Wills-Jones Milk Co.,* 119 Pa. Superior Ct. 386, 181 A. 368. Had the plaintiff averred in his statement of claim that the defendant, by its agents, employees or servants, had placed the moulding or barrier around the cement block, unless defendant filed an affidavit of defense denying that it or its agents, employees, etc., had done so, and averring that it had been placed there by Thomas Dougherty, an independent contractor, to whom it had given the contract to replace one or more cement blocks in the sidewalk, it would not have been permitted to deny its ownership or possession of or responsibility for the wooden moulding or barrier over which plaintiff fell. Admission of ownership of the store property did not carry with it any admission of having put the moulding or barrier there, or of such responsibility for its being there, that defendant could not produce testimony that it had been put there by an independent contractor, for whose negligence, if any, it was not responsible.

This is established by many decisions of the Supreme Court and this court. Section 16 of the Practice Act as amended by Act of April 22, 1929, P. L. 627, also recognizes it: *"Except as provided in sections seven and thirteen* [Sec. 13 covering actions of trespass] neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense or plaintiff's reply, as the case may be ......" This exception allows the defendant in an action of trespass to make any defense which he is not precluded from making by reason of his *tacit admission of the averments of fact in the plaintiff's statement of claim,* as to his ownership or possession of the instrumentality involved.

In *Jones v. McNichol Paving & Const. Co.,* 317 Pa. 246, 176 A. 444, the plaintiff was injured by the caving in of a bank of earth abutting on an excavation which was being made by defendant, a subcontractor. Plaintiff averred in his statement of claim that the excavation

work was done by defendant through its servants, agents and employees, and in the course of its business. Defendant filed no affidavit of defense. The lower court held that the failure to file an affidavit of defense admitted merely the doing of the excavating by the defendant, and did not prevent it from showing the terms of its contract with the general contractor, under which it was expressly provided that the underpinning and shoring were not included in the defendant's contract; and from proving that whatever shoring was done, was done by the general contractor; and that the accident happened through the negligent shoring of the bank by the general contractor. The Supreme Court affirmed the judgment of the lower court on the opinion of Judge STERN, now Mr. Justice STERN.

In *Harrison v. Collins,* 86 Pa. 153, a rigger, while moving machinery to defendant's factory, uncovered a coal hole in defendant's sidewalk and plaintiff fell into it and was injured. It was held that if the rigger was an independent contractor, the defendant was not liable. Judgment for the plaintiff was reversed and a new trial ordered.

In *Vendig v. Union League,* 291 Pa. 536, 140 A. 503, (1928) the plaintiff brought a single action (under the Act of June 29, 1923, P. L. 981) against two defendants, a property owner and a coal dealer, for injuries sustained by her in falling into a coal hole, in the sidewalk fronting on the owner's property. In her statement of claim plaintiff alleged the lid over a coal hole in the sidewalk adjoining the property of the owner, and through which coal had been delivered by the coal dealer into the cellar of the property owner's building, had, after the delivery of the coal, been left insecure through the negligence of the defendants. The property owner filed an affidavit of defense, in which it averred that it did not take off or replace the lid, both of these things having been done by employees of the coal dealer. Mr. Justice SIMPSON, speaking for the court, after defining

the issues raised by the statement and the affidavits of defense filed by the respective defendants, went on to say: "To these issues, under section 16 of the Practice Act of May 14, 1915, P. L. 483, 486, [Before the amendment of 1929, P. L. 627] the evidence at the trial was required to be limited. This rule applies to actions in trespass, as the present one is, whenever a defendant chooses to file an affidavit of defense broad enough to define the issues, *though, under section 13 of the statute, he is not required to answer to that extent.*" (Italics supplied). The Supreme Court reversed the judgment against the property owner and entered judgment in its favor non obstante veredicto. The extract above quoted and italicized from Mr. Justice SIMPSON'S opinion shows that if the property owner had not filed an affidavit of defense averring that it did not take off or replace the lid, but that both of these things had been done by employees of the coal dealer, it might, nevertheless, have produced evidence to that effect on the trial.

In *Wilson v. Adams Express Co.,* 72 Pa. Superior Ct. 384, the plaintiff brought an action of trespass against the defendant for its negligence resulting in the death or injury of seven horses being transported in interstate commerce. The defendant filed no affidavit of defense, but was permitted to offer in evidence its contract for shipment which had been signed by plaintiff, and which valued the horses at $200 each, ($1400 in all) instead of $5100, the amount claimed in the action. We held that the evidence was properly admitted under section 13 of the Practice Act.

In *Flanigan v. McLean,* 267 Pa. 553, 110 A. 370, the earliest Supreme Court case construing section 13, supra, defendant filed no affidavit of defense. Plaintiff's counsel argued that defendant's failure to file an affidavit of defense was an admission of the averment in the plaintiff's statement that his truck came in contact with the plaintiff, but the Supreme Court upheld the ruling of the lower court that it did not have that effect, saying,

inter alia, that it was not the legislative intent to "relieve the plaintiff from proving the vital averments of his declaration as to the injury, negligence, damages, etc., or *to require defendant to specially plead substantial defenses, like its own lack of negligence* or the contributory negligence of plaintiff" (p. 558). (Italics supplied).

In *Fleccia v. Atkins,* 270 Pa. 573, 577, 578, 113 A. 842, plaintiff's husband was killed while working on a building, by the fall of a brick which fell from a floor above. Plaintiff's statement averred, inter alia, that defendant, by his agent or servant, "carelessly and negligently allowed or caused a brick or other hard substance to fall from the said building striking the decedent and inflicting in and upon his body fatal injuries." Defendant did not file an affidavit of defense. The plaintiff argued that failure to do so constituted an admission that defendant's workman dropped the brick and caused the injury. The Supreme Court directed judgment non obstante veredicto for defendant, saying, "While the absence of an affidavit of defense relieved plaintiff of the burden of proving that the person alleged to have caused the brick to fall was employed by defendant, or that the latter was in temporary possession of the building and doing work thereon, the Practice Act cannot be construed to admit the specific act of negligence, to wit, the careless act of permitting the brick to fall."

See also, *Fazio v. Pittsburgh Rys. Co.,* 321 Pa. 7, 11, 182 A. 696; *Lutterschmidt v. Stahlnecker,* 307 Pa. 5, 9, 160 A. 615; *Charlap v. Lepow,* 87 Pa. Superior Ct. 466, 469; *University Club v. American Mut. L. Ins. Co.,* 124 Pa. Superior Ct. 480, 485, 189 A. 534.

When it is remembered that the plaintiff's fall was not caused by a hole or break or other defect *in* the pavement—he fell over a wooden moulding, board or barrier which had been *placed* there by somebody, and was consequently the instrumentality involved—and the state-

ment of claim contained no averment whatever as to whose instrumentality it was, or who put it there, how can it be held that the failure of the defendant to deny what was not averred in the statement, prevents it from showing that the barrier was not put on the sidewalk by it, but by an independent contractor employed by it to repair or replace a cement block?

It is only *averments of fact in the plaintiff's statement* as to the ownership of the property or instrumentality involved, which under sections 6, 13 and 16 of the amended Practice Act are taken to be admitted and may not be defended against by a failure to file an affidavit of defense. The defendant admitted ownership of the property abutting on the sidewalk, but as the plaintiff's statement of claim contained no averments as to who put the moulding or barrier there—the instrumentality involved in plaintiff's fall— it was not required to deny what was not alleged in the statement.

(2) As to the other reason advanced by the court for refusing to permit the defendant to show that the board, moulding or barrier was placed on the sidewalk by an independent contractor employed to put the sidewalk in good repair, it is only necessary to state that recourse by a defendant to the Act of April 10, 1929, P. L. 479, and its amendments, empowering him to sue out a writ of scire facias to bring additional defendants upon the record, is wholly voluntary, and his failure to take advantage of the enabling provisions of the statute affects none of his legal rights in the action against him or against those who may be liable to him, because of legal duties growing out of the cause of action sued upon.

The assignments of error are sustained. The judgment is reversed and a new trial is awarded.