## Wilson *v.* Maryland Casualty Company, Appellant.

Argued March 26, 1953. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Gunther and Wright, JJ.

*Robert C. Kitchen,* with him *Richard A. Smith,* for appellant.

*Foster A. Dunlap,* with him *Philip S. Polis,* for appellee.

OPINION BY ROSS, J., July 14, 1953:

This is an action of assumpsit brought by John Wilson on a policy of public liability insurance. The rec-

ord consists of plaintiff's complaint and defendant's preliminary objections thereto in the nature of a demurrer.

The material averments found in the complaint may be summarized as follows: Plaintiff, the insured, was the owner of a restaurant, bar and rooming house in Philadelphia. On or about June 27, 1950 the defendant insurance company issued to plaintiff a policy of insurance whereby the defendant agreed to "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined"; and, further, to "defend in his name and behalf any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent . . ." On or about January 28, 1951, the complaint continues, while the policy was in effect, "an altercation took place among the patrons of Plaintiff's restaurant and bar with the result that certain accidental injuries were alleged to have been sustained by JOHN A. LEES". Lees subsequently brought an action of trespass against the insured and in his complaint Lees "falsely averred that Plaintiff herein committed an assault and battery upon said John Lees". A copy of the Lees complaint was forwarded by the insured to the defendant, but it refused to defend the action "with the result that Plaintiff was obliged to settle the suit against him" by payment to Lees in the sum of $750. The present action was brought to recover the sum of $750 with interest from the date of settlement.

Defendant's preliminary objections in the nature of a demurrer aver that the instant complaint does not state a cause of action because the Lees complaint alleged an assault and battery committed by Wilson and the policy of insurance states that assault and battery is not an "accident" if committed "by or at the direction of the insured". The matter came on for argument in the Court of Common Pleas No. 7 of Philadelphia County. The preliminary objections were dismissed and defendant was directed to file an answer, it declined to do so, and after judgment was entered against it this appeal was taken.

On the record before us we must accept as fact plaintiff's averments that Lees sustained "accidental" injuries on plaintiff's premises, and that thereafter the said Lees filed a complaint in trespass wherein he "falsely averred that Plaintiff herein committed an assault and battery upon said John Lees". Defendant's present position is, therefore, of necessity, that irrespective of the actual fact that the injury to Lees was the result of a hazard within the coverage of the policy defendant is relieved of its duty to defend and indemnify simply because of a false averment in the Lees complaint. We think that defendant's position is untenable.

Plaintiff and the court below cite *University Club v. American Mutual Liability Insurance Co.,* 124 Pa. Superior Ct. 480, 189 A. 534. In that case it appeared that the defendant had issued a policy of insurance to plaintiff whereby it agreed to "Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed . . ."; and to defend "suits or other proceedings" brought by employes against the employer "although such suits, other proceedings, allegations or demands

are wholly groundless, false or fraudulent". An employe was injured while operating an elevator on plaintiff's premises. The employe's complaint in trespass alleged that said employe was 17 years of age when the accident occurred and that his injury was caused by the defective condition of the elevator. The defendant insurance company refused to defend the action. The University Club employed its own attorney to represent it and when the case came to trial a nonsuit was entered against the employe, whereupon the club commenced an action of assumpsit against the defendant insurer to recover the fee it paid its attorney. At the trial of the case the defendant rested its defense on the averment in the employe's complaint that said employe was only 17 years of age at the time of the accident, and contended that it was illegal to employ an elevator operator under 18 years of age; and that the illegal employment relieved the defendant insurance company of any and all liability under the policy. The defendant produced no evidence with respect to the age of the employe. We affirmed a judgment for plaintiff stating, inter alia, that the fact that the employe averred in his complaint that he was 17 years of age "was not competent and sufficient evidence that the averment was true", and that "the burden was on the defendant to prove the facts relied upon to sustain its affirmative defense that the minor employee . . . was illegally employed at the time of the accident [citing cases], and that it was, in consequence, relieved of liability to defend the action on that score".

Our decision in *Vaksman v. Zurich General Accident & Insurance Co., Ltd.*, 172 Pa. Superior Ct. 588, 94 A. 2d 186, is germane to the issue raised by this appeal. In that case the complaint in trespass filed by the injured party alleged negligence on the part of the insured. The defendant insurance company refused

to defend on the ground that its information was that the damage was the result of an intentional tort. Judgment was had against the insured and the insured then brought an action of assumpsit against defendant seeking indemnity. The defendant's answer set up the defense that the injury to the third person was the result of an intentional tort and, hence, was not within the coverage of the policy. Plaintiff, relying upon the fact that the injured party had averred negligence and had obtained a judgment on that theory, moved for judgment on the pleadings. We held that the insurer had the right to assert and prove, if it could, "that the injured party's damages were the result of intentional harm and not accidental and hence not within the purview of the policy. . . ."

The defendant insurance company had the right to investigate the circumstances surrounding the claim against its insured and to defend or refuse to defend the action against him depending upon the facts turned up by investigation. The company was not, however, entitled merely to look at the naked averments in the complaint of the trespass plaintiff and summarily conclude that it was relieved thereby from any and all liability to the insured. Plaintiff in the case at bar averred an injury to a patron "caused by accident". Plaintiff further averred that the complaint of the patron "falsely" averred that plaintiff had committed an assault and battery upon him. We hold that those averments state a cause of action upon which judgment was properly entered when defendant failed to file an answer.

Judgment affirmed.