# Ahern *v.* Melvin, Appellant.

*Negligence—Evidence—Burden of proof.*

Where it is a perfectly even balance upon the evidence whether the injury complained of has resulted from the want of care on the part of defendant or the negligence of some person for whose act he is not responsible, the plaintiff's case is not established. Where the effect of the evidence is merely to establish that there are two independent causes, either one of which may have been the proximate cause of the injury, the burden is upon the plaintiff to show that the cause for which the defendant is responsible was the one which produced the injury sought to be recovered for.

*Negligence—Evidence—Burden of proof—Fall of heavy article into street.*

In an action against the proprietor of a hotel to recover damages for personal injuries, it appeared that the plaintiff while passing along the sidewalk of a street in the rear of the hotel was struck on the top of the head and seriously injured by a large paper bag filled with potato parings and the skins of other vegetables. Projecting from the second floor of the hotel, immediately above the point where plaintiff was struck, was an iron balcony which was part of a fire escape. The only entrance to this was from the defendant's kitchen. There was an exit into a fire tower, which did not open into the hotel at any point. Above the balcony there were other balconies at each floor of a similar character, entrances to which were from guests' rooms. Plaintiff testified that the bag fell from the lowest balcony. Another witness testified that immediately after the bag came from the balcony he saw a woman dressed as a servant and wearing an apron, run from the balcony into the building, and that he saw standing on the balcony at that time galvanized iron cans, such as are used for holding garbage. There was evidence that no other persons had access to the balcony, except servants, and that servants were permitted at that time to pare potatoes on the balcony. Defendant testified that servants were not permitted to throw anything from the balcony. *Held* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 8, 1902. Appeal, No. 270, Oct. T., 1901, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1900, No. 290, on verdict for plaintiff in case of Julia Ahern v. Frederick J. Melvin. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John G. Johnson,* with him *J. C. Stillwell,* for appellant.—If, from the facts established by the plaintiff, who claims reparation for alleged negligence, an inference of innocence may be drawn, as well as an inference of negligence, there is no proof of negligence. The facts must be such as tend to prove the

negligence and exclude the inference of innocence. Otherwise, a jury, from a state of facts not establishing negligence, would be allowed to guess that such negligence existed.

In the present case there is no balance of probabilities, the inference of innocence can be drawn equally well with that of negligence: Cotton v. Wood, 98 English Common Law Rep. 570; Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90 (57 N. E. Repr. 971); Boehm v. Bethlehem Borough, 4 Pa. Superior Ct. 389.

While not liable for the wilful and independent trespass of his servant, a master is responsible civilly for the manner in which the servant does the work that he is employed to do; and it is the character of the employment when the act is done and not the private instruction to the servant, by which the master's liability is to be determined: McClung v. Dearborne, 134 Pa. 396; Brunner v. American Telegraph, etc., Co., 151 Pa. 447; Cosgrove v. Ogden, 49 N. Y. 255; Marrier v. St. Paul, etc., Ry. Co., 17 N. W. Repr. (Minn.) 952; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Spees v. Boggs, 198 Pa. 112; Alexander v. Pennsylvania Water Co., 201 Pa. 252; Guille v. Campbell, 200 Pa. 119.

*Thomas A. Fahy*, with him *Walter Thomas Fahy*, for appellee. —The law is well settled that where a person lawfully upon the highway is struck by an object that falls from defendant's premises, the doctrine of res ipsa loquitur applies, negligence is presumed, and to escape liability, the burden of explaining the accident and its cause is upon the defendant: Byrne v. Boadle, 2 H. & C. Exch. 722; Clare v. National City Bank of New York, 1 Sweeney (N Y.), 539; Maher v. Manhattan Ry. Co., 6 N. Y. Supp. 309; Bridges v. North London Ry. Co., L. R. 6 Q. B. 377; Shafer v. Lacock, 168 Pa. 497.

OPINION BY W. D. PORTER, J., November 19, 1901:

The only ruling of the learned court below which is assigned for error is the refusal to give a binding instruction in favor of the defendant. The contention of the appellant is that there was no evidence from which a jury ought to have been permitted to infer negligence on the part of defendant or his servants. The defendant was the proprietor of the Hotel Han-

over, the rear portion of which abutted on the south side of Appletree street. Each floor of the hotel, above the first, had, upon that side of the building, a narrow balcony, constructed of iron in the manner usual to fire escapes, which projected over the street. A fire tower, in which was a staircase, extended from the bottom to the top of the building. From this there were no doors leading to the interior of the building, but there was at each floor a door which led out onto the balcony which communicated with that floor, and from each balcony a second door opened into the building, so that at each floor a person could pass out of the building onto the balcony and through another door leading into the fire tower. The balcony at the second floor of the hotel was about twenty feet above Appletree street, and the door which led from it into the main building gave direct communication to the kitchen of the hotel. The doors opening onto the upper balconies, opened from corridors to which the guests of the hotel had access. The windows of the second floor opened from the defendant's kitchen, and those of the floors above the second, from the rooms of guests of the hotel.

The plaintiff was passing along the side of Appletree street next to the defendant's premises and was struck on the top of the head and seriously injured by a large paper bag partially filled with potato parings, cantaloupe skins and seeds and the skins of other vegetables. The plaintiff testified that the bag came from the iron balcony about twenty feet above the street; if this was so, it was the balcony from which a door led directly into defendant's kitchen. Another witness testified that he saw the bag which struck the plaintiff come from that balcony, and that he believed it was thrown by a woman. His belief as to who threw the bag seems to have been a mere opinion, and was not competent evidence. But he gave the facts upon which that opinion was founded, and those facts were proper for the consideration of the jury. He testified that immediately after the bag came from the balcony he saw a woman, dressed as a servant and wearing an apron, run from the balcony into the building. This witness further testified that he saw standing upon this balcony at that time galvanized iron cans, such as are used for holding garbage. The testimony of the defendant and his witnesses established the facts that he was the pro-

prietor of the hotel and employed many servants, that the door from the balcony in question led to the kitchen, and that during the hot weather of July and August, the servants, whose duty it was to prepare the vegetables for the cooks, were in the habit of paring the potatoes out on that balcony. The defendant testified that he had placed inside the kitchen receptacles into which it was the duty of these servants to put the potato parings and other garbage, and that servants were not permitted to throw anything from the balcony. He admitted that he knew that the servants were in the habit of paring the potatoes out on this balcony. One of the defendant's witnesses testified that when the servants were paring potatoes on the balcony, large cans were sometimes placed there into which they threw the potato parings. There was other evidence to the effect that when the servants were thus working on the balcony they would have a pan or other receptacle into which they threw the garbage which was afterwards carried and thrown into the receptacles inside the kitchen. Those doing this work were the servants of the defendant, and there is no question, under this evidence, that when disposing of the garbage they were acting within the line of their employment.

The object which struck the plaintiff undoubtedly came from the hotel of which the defendant was the proprietor, but the appellant contends that the evidence only established that it came from the upper part of the hotel and that it could not be definitely determined under the evidence whether the act, through which the plaintiff was injured, was that of a guest, the servant of a guest or a servant of the proprietor. Where it is a perfectly even balance upon the evidence whether the injury complained of has resulted from the want of care on the part of the defendant or the negligence of some person for whose act he is not responsible, the plaintiff's case is not established. Where the effect of the evidence is merely to establish that there are two independent causes, either one of which may have been the proximate cause of the injury, the burden is upon the plaintiff to show that the cause for which the defendant is responsible was the one which produced the injury sought to be recovered for: Cotton v. Wood, 98 English Common Law Reports, 570; Boehm v. Bethlehem Borough, 4 Pa. Superior Ct. 389. In the present case, however, there was a

wide margin for balancing the probabilities and for drawing reasonable inference, better supported on one side than on the other. The servants of the defendant were in the habit of preparing vegetables for cooking on the very balcony from which these potato parings and other garbage came, and there was no evidence that the servants of any other person were ever permitted to intrude there. It is not usual for the guests of a hotel to pare their own potatoes before having them cooked, nor to have their own private servants do such work in a hotel. Garbage of the character of that which struck this plaintiff is not ordinarily found in, nor is it expected to come from, the room of a guest of a hotel. The only inference which reasonably could be drawn from the evidence in this case was that this garbage was the result of the preparation of the food for the defendant's kitchen. The circumstances were such as to justify a finding of fact by the jury that the parcel had been dropped by a servant of the defendant who, when she saw what had happened, ran into his kitchen. Whether she was attempting to carry the garbage into the kitchen, or to place it in one of the cans on the balcony, when it escaped from her grasp, could not be determined under the evidence. The proprietor may have given private instructions to his servants forbidding them to deposit this garbage in the cans on the balcony, but that would not necessarily relieve him from liability. The disposition of the garbage was a part of the work which these servants were required to do, and it is the character of the employment and not the private instructions of the master, by which the master's liability is to be determined: McClung v. Dearborne, 134 Pa. 396; Brunner v. American Telegraph &c., Company, 151 Pa. 447. The mere fact that a heavy object was permitted to fall into the public street is prima facie evidence of negligence: Byrne v. Boadle, 2 H. & C. Exch. 722; Clare v. National City Bank of New York, 1 Sweeney, 539; Shafer v. Lacock, 168 Pa. 497. We are convinced that the action of the court below in sending this case to the jury was free from error and the judgment is affirmed.