## Laven, Appellant, *v.* Moore.

*Negligence—Fall of brick—Construction of building—Evidence—Nonsuit.*

In an action to recover damages for personal injuries it appeared that the plaintiff, a plumber's employee, was struck by a falling brick in a building in the course of erection, where he was at work on the second floor. Plaintiff claimed that the brick was precipitated from the fifth floor by an employee of the defendant, a bricklayer. There was no direct evidence to show how the brick came to fall, nor from whence it started. No one saw the brick near the defendant's employee at any time; nor did anyone see the brick start from a point near him. The evidence did not show that there were any bricks at or near the place where the defendant's employees were working; nor that there were no bricks on other floors or places from which the brick which caused the injury might have fallen. *Held,* that a nonsuit was properly entered.

Argued Jan. 24, 1905. Appeal, No. 236, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 916, refusing to take off nonsuit in case of William Laven v. Samuel E. Moore. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

From the record it appeared that on October 23, 1903, plaintiff, a plumber's assistant, was injured by a brick falling upon him while he was at work in an eight-story building known as the Perry building at the corner of Sixteenth and Chestnut streets in the city of Philadelphia. Plaintiff alleged that the brick which hit him was precipitated from the fifth floor by two of defendant's employees who were working there at the time. An analysis of the testimony is given in the opinion of the Supreme Court.

The trial judge entered a nonsuit which the court subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Frederick H. Warner*, with him *Arthur B. Houseman*, for appellant, cited : Huey v. Gahlenbeck, 121 Pa. 238 ; Stringert v. Ross Twp., 179 Pa. 614 ; Lyons v. Rosenthal, 11 Hun (N. Y.), 46 ; Sheridan v. Foley, 58 N. J. 230 (33 Atl. Repr. 484) ; Booth v. Dorsey, 208 Pa. 276 ; Ahern v. Melvin, 21 Pa. Superior Ct. 462 ; Penn. R. R. Co. v. MacKinney, 124 Pa. 462 ; Koelsch v. Phila. Co., 152 Pa. 355.

*M. Hampton Todd*, with him *Charles F. Van Horn*, for appellee, cited : Reese v. Clark, 146 Pa. 465 ; Alexander v. Penna. Water Co., 201 Pa. 252 ; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306 ; Frazier Bros. v. Lloyd, 23 W. N. C. 178 ; Stearns v. Ontario Spinning Co., 184 Pa. 519.

OPINION BY MR. JUSTICE ELKIN, March 20, 1905 :

There is no rule of law nor any decision of this court that would sustain a jury in finding by imaginary inference that a brick which struck a plumber's employee while working on the second story of a building in course of construction, was negligently thrown down, or knocked off, or tumbled over, or caused to fall, by two employees of a different contractor engaged in building scaffolding for brick layers on the fifth floor, no testimony having been offered to show that there were any bricks at or near the place where the scaffold builders were working.    There is no doubt that if defendant or his employees caused the brick to fall which struck the plaintiff, inflicting the injuries complained of, an action in trespass would lie to recover damages.    In order, however, to sustain this action the plaintiff must affirmatively show that the employees of defendant caused the brick to fall.    He can do this by direct and positive testimony or by showing that defendant's employees were in position to have caused the accident, and by the exclusion of all other causes, make out a prima facie case for the jury.    The difficulty with this case is that plaintiff has not met either requirement.    No direct evidence was produced to show

how the brick came to fall, nor from whence it started.   Neither was there sufficient testimony from which a jury might draw an inference that defendant's employees were the only persons in position to have caused the accident.   The testimony did not exclude all other causes.   It did not show that there were any bricks at or near the place where scaffold builders were working.   It did not show that there were no bricks on other floors or places from which this particular brick might have fallen.   The testimony does not show that anyone saw the brick near the scaffold builders at any time, nor did anyone see the brick start from that point.   It is probable that the brick may have fallen from some other floor, and the jury cannot be left to guess where the brick came from and who caused it to fall.   These facts clearly distinguish this case from Booth v. Dorsey, 208 Pa. 276, relied on by appellant.   The plaintiff failed to show by direct testimony or by facts from which the inference might be drawn, any negligent act of the defendant's employees, and, therefore, cannot recover in this action.   The nonsuit was properly granted.

Judgment affirmed.