## GEHRET BROS., Inc., v. RUTTER.

(Circuit Court of Appeals, Third Circuit. April 22, 1918.)

### No. 2351.

MASTER AND SERVANT ⬤⟞332(1)—ACTION FOR NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action for an injury to plaintiff while working as a plasterer in an unfinished elevator shaft, caused by the alleged negligent dropping of a brick by employés of defendant working above the shaft, evidence *held* sufficient to require submission of the case to the jury.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Charles E. Rutter, to the use of Jacob Moser, against Gehret Bros., Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

Maurice W. Sloan, of Philadelphia, Pa., for plaintiff in error.

W. T. Connor and J. R. K. Scott, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves a single assignment of error, namely, the refusal of the court below to affirm the defendant's request that "under all the evidence the verdict should be for the defendant." The case involves no principle of law, and the only question before us is whether there was any evidence of negligence on the part of the defendant which constrained the court submitting to the jury the issue of the truth of such evidence. The court felt there was such evidence, and submitted its truth to the jury. In so doing it committed no error. In its facts the case is unusually like a late case (Booth v. Dorsey, 208 Pa. 276, 57 Atl. 562) which the Supreme Court of Pennsylvania held was one for the jury.

In the present case the proofs were that, when injured by a falling brick, Rutter, the plaintiff, was working as a plasterer in an elevator shaft—seventh floor—of a building in course of construction. The defendant, a structural iron firm, had the contract for placing iron sills in the door openings of the elevator. To set such sills, brick, mortar, tile, etc., were cut or chipped out. While the testimony of the defendant's workmen was that at the time of the accident they were not working on the elevator, and indeed were not near it, yet the plaintiff's witness McCauley identified the three workmen as working at sills just before the accident on a floor above the seventh, and testified that he called the attention of the defendant's foreman to the fact that the plasterers were working below on the elevator shortly before the accident. His testimony also tended to show that no other persons than defendant's men were working about the elevator shaft above the seventh floor at the time of the accident. While this proof was very strongly contradicted, yet it would have been error for the court below to have disregarded it, and refused to submit the case to the jury.

The judgment below, which was entered in pursuance of the jury's finding for the plaintiff, is therefore affirmed.