## Devine, Appellant, *v.* Bell Telephone Company of Pennsylvania.

Argued November 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas C. Egan,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Benjamin O. Frick,* of *Evans, Bayard & Frick,* for appellee.

PER CURIAM, January 6, 1930:

This is an appeal by plaintiff from a judgment n. o. v. entered in favor of the Bell Telephone Company of Pennsylvania, defendant, in an action of trespass, instituted

by Catherine Devine, to recover damages for personal injuries. Plaintiff alleged she had been injured by the negligence of defendant's employees under the following circumstances: As she was proceeding down the south side of Chestnut Street, Philadelphia, about to cross 38th Street, she saw a hose, somewhat larger than a fire hose, extending from a near-by street manhole, around which a railing had been placed. The hose lay half-way across the crossing, close to the curb, on the east side of 38th Street. In attempting to step over this hose, plaintiff placed her left foot above it on the curb, when, according to her testimony, she felt the hose jerk and the coupling, nozzle or "coping" strike her knee, so that she was knocked down and suffered severe bodily injuries.

Plaintiff averred in her statement of claim that "defendant was then engaged in making certain repairs or adjustments to [a] telephone conduit at and about said manhole and for the purpose of said repairs and in the execution thereof, defendant had caused [the] hose to be placed in [the] position" described. This was undenied in the affidavit of defense and, under the Practice Act of May 14, 1915, section 13, P. L. 483, 485, became an admission identifying defendant with the offending instrument for purposes of trial. Because of the Act of 1915, the doctrine of Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 433-34, urged by defendant, does not apply.

Plaintiff states in her brief that she relies on the doctrine of exclusive control, not on that of res ipsa loquitur; but the former doctrine has been applied in Pennsylvania in only those cases where the evidence showed the instrument to be under the "control of the injuring party" to such an extent that if "due care had been exercised" by it the accident would not have occurred: Fitzpatrick v. Penfield, 267 Pa. 564, 577, and cases there cited. Here, no effort was made at trial to exclude the possibility that some outside agency, such as another pedestrian or a passing vehicle, had come in contact with the hose and caused it to move to plaintiff's injury. In

short, the circumstances of the present case leave open the reasonable possibility of the hose having been moved by some outside agency which due care on defendant's part could not have foreseen and prevented; whereas, in order to make a case for the jury, this element of uncertainty should have been removed: Booth v. Dorsey, 208 Pa. 276, 278; Fleccia v. Atkins, 270 Pa. 573, 576; Cain v. Booth & Flynn, Ltd., 294 Pa. 334, 339.

Since plaintiff's proofs fell short of establishing defendant's negligence, discussion of the former's alleged contributory negligence is unnecessary.

The judgment is affirmed.