Gable et ux. *v.* Golder, Appellant et al.

416

Argued October 31, 1934.

Before Trex-ler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Harry S. Ambler, Jr.,* for appellant.

*Frank F. Truscott,* with him *John C. Bell,* of *Bell, Trinkle, Truscott and Bell,* and *Fred B. Moser,* for appellee.

Opinion by Parker, J., February 1, 1935:

The plaintiffs, husband and wife, have judgments in an action in trespass brought to recover damages for injuries suffered by the wife plaintiff as the result of an alleged act of negligence upon the part of the defendant. The appellant has assigned as error the refusal of his motion for judgment n. o. v.; consequently, we will review the evidence and all reasonable inferences to be drawn therefrom in a light most favorable to the plaintiffs, as we are required to do.

On June 11, 1929, at 1:30 P. M., Catherine G. Gable, one of the plaintiffs, was walking on a sidewalk in the city of Philadelphia in front of a building then being constructed by the defendant as a general contractor, when a plank 3′ x 8″ x 2″, with nails in it, fell immediately in front of her in such a manner as to cause her to fall and be injured. The sole question now raised is whether the evidence will support a finding that the defendant was responsible for the fall of the plank and the injury to Mrs. Gable. Mandes Golder, the contractor, had about completed the building at the time of the accident and was then engaged in "cleaning up" and removing debris. For the purpose of expediting this work, the defendant had constructed a chute which led from a second story window above the sidewalk to the curb line. There was a hole in the side of the chute about 6″ x 2½′ in size, and the plank, instead of passing to the curb, came through that hole and caused the injury. Defendant's foreman testified that at the time of the accident defendant had three carpenters and a laborer working at the building; that the carpenters were working about fifty feet from the entrance to the chute; and that the laborer, who was engaged in removing "mortar, odds and ends of dirt and lumber," was seen in the cellar four times that day but may have been on the second floor. Another witness for plaintiff testified that defendant for three or four weeks, including June 11th, had four or five colored laborers engaged in cleaning up and removing debris. There were plasterers engaged in another part of the building at the time of the accident, but defendant undertook to do the cleaning up for them. The evidence on that subject was as follows: "Q. What was the purpose of the building of the chute? A. To remove the plaster from the second floor to trucks in the street. Q. Whose duty was it to remove the plaster? A. We removed the plaster. That was the

duty of the plasterer, but we did it and backcharged him for it.'' The chute was taken down at night and replaced in the morning by the defendant.

As the chute was taken down each evening and replaced in the morning and was in place at the time of the accident, it must have been replaced the morning of the accident, from which the natural inference arises that it was so placed by the contractor for the purpose of removing debris that day. During the erection of the building, defendant had erected a platform and canopy over the sidewalk for the protection of pedestrians using the footway, but this protection had been removed prior to the accident. The defendant, by the admissions of his foreman, undertook not only to do the cleaning up but to furnish proper facilities for that purpose.

While there was no one who saw the plank leave the hands of one of the employees of the defendant, we are of the opinion that there was sufficient evidence from which the jury could properly infer that fact. There are two well recognized lines of cases dealing with injuries caused by falling objects where the evidence is circumstantial as to who was responsible for the falling. Kapuscianski v. P. & R. C. & I Co., 289 Pa. 388, 137 A. 619; Boles v. Fed. Electric Co., 89 Pa. Superior Ct. 160; and Booth v. Dorsey, 208 Pa. 276, 57 A. 562, are examples of cases where the circumstantial evidence was held sufficient to support a verdict, and Laven v. Moore, 211 Pa. 245, 60 A. 725; Fleccia v. Atkins, 270 Pa. 573, 113 A. 842; and Lanning v. Pittsburgh Rwy. Co., 229 Pa. 575, 79 A. 136, are cases where the evidence was not sufficient. Our problem is to determine to which class this case belongs.

It is true that negligence is not to be assumed from the mere happening of an accident and that no one saw the plank leave the hands of one of defendant's employees. ''Proof of the act may be established by

evidence from which, by reasonable inference, the conclusion is reached that defendant was negligent; or where evidence places the instrumentality which caused the accident in the possession of the defendant, showing, by the elimination of all other causes, that the missile could not have left defendant's possession except through some act of its servant. The possible causes to be eliminated, as stated in Gallivan v. Wark Co., 288 Pa. 443, do not mean every possible cause which the ingenuity of counsel may suggest as having caused or contributed to the accident, but only those which fairly arise from the evidence. Here, no one actually saw the missile leave an employee's hands, and no one can testify it did actually do so, but this is not strange. Such incidents frequently occur unwitnessed, but this fact does not protect one whose negligence can be shown from the circumstances to have been the efficient cause of the injury. When these circumstances appear, liability attaches": Kapuscianski v. P. & R. C. & I. Co., supra, pp. 391, 392. "The test is whether they [the proofs] are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant": Ferry v. P. R. T. Co., 232 Pa. 403, 406, 81 A. 426; Allen v. Willard, 57 Pa. 374; Tucker v. Rwy. Co., 227 Pa. 66, 75 A. 991.

The defendant was engaged in cleaning up debris at the time of the accident and in this respect the circumstances were the same as in the case of Booth v. Dorsey, supra, where the injury was from a falling brick and the employees of the defendant were at the time shown to have been handling bricks, although others were employed on the premises at the time. Here, the only other persons in the building at the time of the accident were plasterers, but the defendant had not only assumed the task of cleaning up for the plasterers, but had erected and put in place that

very morning a chute through which the plank came in contact with plaintiff. This plank was just such an object as would have been discarded. Certainly defendant would not have placed the chute, which required the services of several carpenters to put in its position that very morning, if he had not intended to use it. The employees of the defendant were placed in a position where they would naturally be performing just such an act as occurred here, and there was not any one else present who would be engaged in similar work. We are, therefore, of the opinion that the evidence was ample "to satisfy reasonable and well balanced minds" that an employee of defendant started the plank on its course.

In addition, there was an allegation in the statement of claim that defendant did not furnish proper protection for pedestrians. The jury could have properly inferred that the defendant was negligent in that respect. The chute was placed there for use with a hole in it and without any covering to protect pedestrians who were lawfully using the footway. There was a higher degree of care due to such users of the footway than was required toward laborers employed in the building, as in cases cited by appellant. The defendant failed to protect pedestrians from a result which a man of ordinary prudence could have foreseen. We are all of the opinion that the evidence was sufficient not only to support a finding that the defendant was responsible for the dropping of the plank, but that he was likewise responsible for leaving the hole in the chute and not protecting plaintiff.

The case of Laven v. Moore, supra, is distinguished from the present case by the fact that there the employees were not shown to have been engaged in work at a place where they could have been responsible for the falling of the object, but other persons were shown to have been present from whom, with an equal degree

of probability, the object could have come. In Fleccia v. Atkins, supra, there was affirmative evidence that there were other persons in a position where they could have dropped the object which caused the injury. The case we are considering is similar in its facts to that of Booth v. Dorsey, supra, and is ruled by that line of cases.

Judgments affirmed.