## Weightman *v.* Hartman et al., Appellants.

Argued October 3, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Henry Thomas Dolan,* with him *Robert C. Duffy,* for appellants.

*Frank J. Eustace, Jr.,* with him *Francis M. McAdams,* for appellee.

OPINION BY RHODES, J., January 30, 1941:

Plaintiff brought an action in trespass against defendants for damages for personal injuries suffered by him. The case was tried before BOK, P. J., without a jury. There was a finding in plaintiff's favor. After judgment was entered on the finding, defendants appealed.

Defendants question the sufficiency of the evidence to establish that they were guilty of any negligence.

No affidavit of defense was filed, nor did defendants offer any evidence.

The evidence established that on the morning of November 25, 1939, plaintiff was asleep in his rented room, which was directly under the roof of the house. He was awakened when something hit him on the back. He saw a hole in the ceiling, dirt and gravel on his bed, and a large pipe, about ten inches in diameter and probably several feet in length, on the floor. One of the defendants and three of their employees went to the roof of this three-story house on the morning in question to put on a new slag roof. They proceeded to use heavy spades to remove the old one. This defendant noticed the metal pipe projecting several feet above the surface of the roof which he was removing, and located about ten feet from the edge. The pipe was covered with heavy paper and had brick on top of it to hold it down. While removing or scraping the roof with their implements, near and in and around the pipe, the pipe fell and disappeared, leaving a hole in the

roof where it had been. This defendant looked through the hole in the roof caused by the falling pipe, and saw a bed in the room below. They covered the hole with a piece of tin, and kept on working. In using the heavy spades to take off the old roof much jarring with resulting vibration was caused. It was while this process was being carried on by defendants and their employees, near and around the pipe, that it fell through the roof, striking and injuring plaintiff.

Counsel for defendants argue that it is necessary for plaintiff's recovery that some evidence be furnished of the reasons for the fall of the pipe which struck him. It is true that the evidence must not merely establish an accident by which plaintiff was injured, but also defendants' negligence in causing it. Defendants were roofers who undoubtedly were acquainted with, and had knowledge of, the problems and possibilities reasonably inherent in the work in which they were engaged. They undertook to remove the old roof and replace it with a new one. They saw the pipe, which formed a part of the roof, projecting above the roof which they were removing. Defendants and their employees were the only ones who were in a position to have disturbed the pipe, and to have caused the accident. It is a reasonable and logical inference from the facts that if defendants and their employees had used due care and proper precaution in removing the existing roof with heavy spades around the pipe it would not have fallen with the result which followed. If defendants, in the course of their operations, had knocked the pipe off the roof, and it had struck someone passing by on the street below there would seem to be no doubt as to their liability. *Booth v. Dorsey*, 208 Pa. 276, 57 A. 562; *Ahern v. Melvin*, 21 Pa. Superior Ct. 462; *Boles v. Federal Electric Co.*, 89 Pa. Superior Ct. 160. The roof and the pipe, which was a part thereof, were within the exclusive control of defendants and their employees. The accident was such as in the ordinary course of things does not happen if

those who are doing the work use proper care. Plaintiff was not in a position to show more definitely that defendants were performing their work negligently. Unexplained, the facts warrant an inference of negligence. Defendants and their employees were not only in exclusive possession of the roof, but it was the exercise of an active force by them which caused the pipe to fall. They were therefore responsible for the final consequences. *Welser et al. v. United Gas Improvement Co.*, 304 Pa. 227, 233, 155 A. 561; *Rice et al. v. Kring*, 310 Pa. 550, 554, 165 A. 833. In our judgment the evidence supports the finding, and, in the absence of an explanation by defendants, warrants an inference that plaintiff's injury resulted from the careless manner in which the work on the roof was being done by defendants and their employees. See *Pope v. Reading Company*, 304 Pa. 326, 332, 156 A. 106.

As said in *Ashby v. Philadelphia Electric Co. et al.*, 328 Pa. 474, at page 478, 195 A. 887, at page 888: " 'The question whether a person charged with negligence or negligent acts or omissions should have foreseen the injuries resulting from [those] acts or omissions is for the jury, if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of neglect of duty.' " See, also, *Paulscak v. Hoebler et al.*, 330 Pa. 184, 192, 198 A. 646.

Judgment is affirmed.