## Tallarico v. Autenreith et al. (Kerr, Appellant).

Argued March 23, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*John M. Reed,* for appellant.

*Harry Alan Sherman,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 10, 1943:

Paul Autenreith, J. Harold Autenreith and Julius Autenreith, partners trading as Autenreith Company, were lessees of the major portion of a building in the Borough of Sharpsburg, and conducted there a general mercantile business. They engaged C. H. Kerr, trading as C. H. Kerr Company, as a general contractor to construct an elevator on the premises and to make repairs and alterations to the second floor. The work of installing the elevator was sublet by Kerr to George T. Marshall, trading as Marshall Elevator Company, and various portions of the work to other sub-contractors. During the progress of the operation Domenico Tallarico, while walking along the street in front of the building, was struck on the head by a board about 4 feet long, from 8 inches to a foot wide, and two inches thick, which was thrown out of the second-story window; that it was thrown and not merely dropped was shown by the fact that in its course it described an arc from the building out toward the curb. Tallarico brought suit against the Autenreiths, Kerr and Marshall to recover damages. Kerr died and Edna B. Kerr, executrix of his estate, was substituted as defendant in his stead. The jury found a verdict in favor of the Autenreiths and Marshall but against the Kerr estate. The executrix appeals from the refusal of the court below to grant her motion for judgment n. o. v., and also from an order refusing to quash the writ of scire facias by which she was brought in as party defendant.

In a footnote to the opinion in the case of *Doerr* v. *Rand's,* 340 Pa. 183, 185, 16 A. 2d 377, 378, is cited an array of authorities establishing the law in Pennsylvania to be that, if a person is struck by some part of the structure of a building which becomes detached and falls, the doctrine of res ipsa loquitur does not apply, and the burden is upon the plaintiff to produce some affirmative evidence, although it may be slight, of facts or circumstances from which negligence on the part of the defendant may properly be inferred. Where, however, the falling object is something thrown on the street from within the building, so that it must have been propelled by a human agency, this is prima facie evidence of a wilful or negligent act on the part of someone, but the problem in such a case is to discover the person responsible, and to that end the burden is placed upon the plaintiff to prove that the party charged, by himself, his employes or agents, had exclusive control of the object which occasioned the injury. Examples of cases where this requirement was met are *Booth* v. *Dorsey,* 208 Pa. 276, 57 A. 562; *Kapuscianski* v. *Philadelphia & Reading Coal & Iron Co.,* 289 Pa. 388, 137 A. 619; *Ahern* v. *Melvin,* 21 Pa. Superior Ct. 462; *Gable* v. *Golder,* 116 Pa. Superior Ct. 415, 176 A. 847.[1] Examples of cases where proof of such exclusive control was lacking and therefore the victim of the accident was unable to establish a right of recovery are *Laven* v. *Moore,* 211 Pa. 245, 60 A. 725; *Fleccia* v. *Atkins,* 270 Pa. 573, 113 A. 842; *Wolk* v. *Pittsburgh Hotels Co.,* 284 Pa. 545, 131 A. 537. Of course, if the board which caused the injury to plaintiff in the present case was thrown out of the building by an employe of one of the sub-contractors, Kerr, the general contractor, would not be responsible, for a person is not

---

[1] Apparently the earliest case of this kind was *Byrne* v. *Boadle,* 2 H. & C. 722, 159 Eng. Rep. 299, where a person on the street was injured by a barrel of flour falling from a window above and striking him.

liable for the acts or negligence of another unless there exists between them the relation of master and servant or principal and agent: *Allen* v. *Willard,* 57 Pa. 374; *Silveus* v. *Grossman,* 307 Pa. 272, 161 A. 362.

What then are the facts adduced by plaintiff to show that Kerr was in exclusive control of the board either by himself or through agents or employes? According to the testimony the only use for boards of the width and thickness of the one which struck plaintiff was in connection with the construction of the elevator, but, although it appeared that the lumber used in framing the elevator shaft had been originally billed to Kerr, there was no evidence that anybody employed by him was working in or around the shaft on the day of the accident; in fact, plaintiff's testimony was all to the effect that only the workmen of Marshall, the elevator subcontractor, were engaged there at that time. Unfortunately for plaintiff, however, the jury exonerated Marshall. There were carpenters laying flooring on the second floor of the building, but Herbert Otto, a witness called by plaintiff, stated that he was a sub-contractor and that these men were working *for him;* there was no real evidence to the contrary,[2] nor any evidence that Kerr employed, paid, supervised or controlled the carpenters; furthermore, the carpenters did not have or use boards like the one which struck plaintiff. In short,

---

[2] Witness A. J. Seibel: Q. "You don't know whether they were working for Kerr directly or working for a sub-contractor?" A. "No, sir." Witness Albert Ruhling: Q. "Do you know whose carpenters they were?" A. "I don't know who they were working for—in fact, I only knew one carpenter there, and that was the carpenter foreman." Q. "Do you know by whom he was employed?" A. "No, I don't." Witness M. L. Gift: Q. "Do you know by whom those carpenters were employed?" A. "The only man I knew was Mr. Otto." Witness Walter R. Weiland: Q. "You don't know whether he [Otto] was the contractor working under Kerr or not?" A. "No." Witness Paul Autenreith: "He [Otto] was Mr. Kerr's right-hand man. Usually, there was a sub-contractor in charge of all carpenter work."

plaintiff failed to prove that anybody employed by Kerr had possession of, or was working with, boards of that kind at or about the time of the accident, or that Kerr then had any control, exclusive or otherwise, over such material.

In view of what has been said, it is unnecessary to decide whether the court was correct in refusing to quash the writ of scire facias to substitute the executrix as party defendant.

The judgment against defendant Edna B. Kerr, executrix of the estate of C. H. Kerr, is reversed and is here entered for said defendant.