## Konyk et al., Appellants, *v.* Nolan et al.

Argued November 20, 1944.   Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Elgin E. Weest,* for appellants.

*Robert W. Beatty,* with him *Butler & Beatty,* for appellees.

OPINION BY BALDRIGE, P. J., January 25, 1945:

This appeal is from the entry of judgment n. o. v. for defendants in a trespass case.   Defendants erected a fence eight feet high along Edgmont Avenue in the city of Chester, Pennsylvania, for the protection of the public while they were engaged in making repairs to a building at the corner of Edgmont Avenue and Sixth Street. On the afternoon of March 27, 1941, the minor plaintiff, 15 years of age, was walking on the sidewalk along the fence, when it is alleged something fell from the building being repaired, struck the fence, glanced off and hit him on the nose rendering him unconscious.

Charles J. Nolan, called by the plaintiff as on cross examination, testified that one of his men gave him a report "that something fell *in the* building. Now whether it was pried loose, I can't answer that. I don't know that.

It has been about two years ago. But he made a report to me that a boy was injured, and a boy was struck by an object. That is the best way I can answer that." (Italics supplied.) The question arose whether such a report was admissible. Cf. Restatement, Agency, §287; *Davenport Co. v. Pennsylvania R. R.*, 166 Pa. 480, 31 A. 245. The court below for the purposes of this case assumed that it was and we will do likewise.

We are fully aware that often times the burden of proving negligence is sustained by circumstantial evidence: *Whigham v. Metropolitan Life Insurance Company*, 343 Pa. 149, 156, 22 A. 2d 704. It is incumbent upon a plaintiff, however, to show facts or circumstances from which a jury may legitimately infer, to the exclusion of other inferences equally plausible, that the defendant is responsible to the person injured: *Fleccia v. Atkins*, 270 Pa. 573, 113 A. 842; *De Reeder et al. v. Travelers Ins. Co.*, 329 Pa. 328, 198 A. 45. Conjecture does not constitute legal proof. "The test is whether the circumstances are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant." *King et ux. v. Darlington Brick & Mining Co.*, 284 Pa. 277, 131 A. 241. See, also, *Jones et al. v. Monroe Electric Co.*, 350 Pa. 539, 543, 39 A. 2d 569. If an injury may result from one of two or more causes, only one of which defendant is liable for, the burden is on the plaintiff to individuate that one as the proximate cause of the damage, otherwise there can be no recovery: *King v. Equitable Gas Co.*, 307 Pa. 287, 294, 161 A. 65. In *Tallarico v. Autenreith et al.*, 347 Pa. 170, 31 A. 2d 906, C. H. Kerr, as general contractor, was making repairs and alterations to the second floor of a store building. Various portions of the work were being done by subcontractors. During the progress of the work, while the plaintiff was walking along the street in front of the building, he was struck on the head with a board thrown out of the second story window. Action was brought against the

owner of the building, Kerr, and others. Judgment was entered on a verdict obtained against the Estate of Kerr, who had died prior to trial. An appeal followed. The Supreme Court reversed the judgment stating in the course of its opinion that where a falling object is thrown on the street from within a building it is prima facie evidence of a wilful or negligent act of someone, but the burden is placed upon a plaintiff suing to recover for injuries to prove that either the party charged with negligence, his employe or agent, was in possession of, or had control over, the object which occasioned the injury; that a general contractor is not responsible for the negligent acts of an employe of a subcontractor. See, also, *Doerr et al. v. Rand's et al.,* 340 Pa. 183, 185, 16 A. 2d 377; *Hartman v. Miller,* 143 Pa. Superior Ct. 143, 146, 17 A. 2d 652.

The plaintiff's testimony, by reason of the attending circumstances, was very meager and to his misfortune he was unable to produce anyone who could give further information concerning the accident. As the lower court well said: "No direct evidence was produced to show what it was that struck the minor plaintiff, or from whence it started, or what caused it to fall. There was no testimony from which the jury might draw the inference that defendants' employees were in position to have caused the accident. The testimony did not exclude all other causes. There is no evidence in the entire case to indicate that defendants' employees were at or near the place in the building where the object was when it started to fall, and that no one else was. All that the evidence establishes is that the minor plaintiff was struck by some object that fell from a building, and that defendants' employees were then working in the building. There is nothing from which to infer a causal connection between the two facts, and the finding of the jury to the contrary can be regarded only as a random conjecture."

Judgment is affirmed.