## Wilkes v. Stanley Company of America

Before O'Brien, Montgomery and Kennedy, JJ.

*Edward O. Spotts, Jr.*, for plaintiff.

*Dalzell, Pringle, Bredin & Martin*, for defendant.

KENNEDY, J., November 12, 1953. — In the above-captioned trespass action the jury returned a verdict in favor of the woman plaintiff, Estella D. Wilkes, in the sum of $2,200, and husband plaintiff, Harry E. Wilkes, in the sum of $300. Defendant, by counsel, has moved for judgment n. o. v. or in lieu thereof for a new trial, and it is the disposition of these motions that are now before us.

Wife plaintiff, now age 54, testified that on January 2, 1948, she was struck by an advertising sign approximately 5 feet by 3 feet, when it fell from the marquee of defendant's theatre and known as Warner Theatre, located on Fifth Avenue, Pittsburgh, as she was walking on this public sidewalk underneath the marquee which extended from the building and out over the sidewalk. The falling sign struck plaintiff across her chest, causing her to stagger. Plaintiff's daughter, who was with her at the time, corroborated how the accident occurred. They both went into the theatre and reported the accident to the management.

This suit was originally brought against Warner Brothers Pictures, Inc. Original defendant filed an answer denying liability and then averred the following:

"On the contrary, this defendant avers that said sign and said theatre were owned, operated and controlled by the Stanley Company of America, a Corporation, through its agents, servants and employes."

Later, with the written consent of counsel for Warner Brothers and Stanley Company of America, the complaint was amended to substitute this latter named corporation as defendant. No answer was filed by it denying control of the instrumentality that it was claimed caused the accident, nor agency. At trial defendant offered no testimony as to how the advertising sign was fastened or anchored underneath the roof of the marquee. A witness was called who stated that the records at the theatre showed that the manager and the janitor of the theatre on and before January 2, 1948, had both died. This witness further stated that he went on duty the morning of January 2, 1948, at this Warner Theatre and that he recalls that an accident resulting from a sign falling was reported to the manager.

The motion for judgment n. o. v. is based on the argument that no sufficient evidence of negligence was proven. The case was submitted to the jury on the rule:

"When the thing which causes the injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by defendant that the accident arose from a want of care."

It is our impression that this "exclusive control rule of law" was the proper law to have the jury use after it has passed on the credibility of the testimony given by the woman plaintiff and her adult daughter, particularly because defendant offered no testimony to explain what caused the sign to fall. The accident was not the result of some object which was part of a structure abutting on a public sidewalk and falling into or on the sidewalk, but a situation where the owner was

using the space directly above the public easement to hang an advertising sign.

We therefore find no merit in defendant's argument that plaintiffs had equal opportunity with defendant in ascertaining the cause of the sign falling. The recent case of Miller v. Hickey, 368 Pa. 317, discusses when the rule of law applied in this proceeding, and when a plaintiff is required to submit at least some evidence as to what caused the object to fall, collapse, or break. The applicable cases are reviewed in this opinion and many of them are cited by counsel for defendant and plaintiffs, respectively, in their briefs. They therefore do not need to be reviewed or analyzed in this opinion.

The cases closest in point are Gable et ux. v. Golder et vir, 116 Pa. Superior Ct. 415 (1935), and Skeen et al. v. Stanley Company of America, 362 Pa. 174. In the latter case, plaintiff was a customer in the defendant theatre and sustained injuries when, as she claimed, a bolt fell from above where she was seated, striking her. The Supreme Court, in affirming the verdict and judgment for plaintiff stated the following:

". . . On the other hand, if the bolt was a part of the equipment of the theatre or in any way under defendant's control there would be prima facie an inference that the defendant was responsible for its falling thru space and hitting the plaintiff."

Defendant's motion for judgment n. o. v. will be denied.

The motion for a new trial is based on the claim that the instructions of the trial court practically amounted to binding instructions in favor of plaintiffs if the jury believed the woman plaintiff's testimony as to how she received her injuries. A reading of the charge as a whole will disclose that this is not a correct analysis of the charge nor was the jury so limited in its delib-

eration. The jury was told on a number of occasions that if they believed plaintiff's testimony that, "an inference of negligence arose", and "that the fall of the sign gave rise to a presumption of negligence without explanation as to the cause of its falling". The jury was further told that all presumptions must give way to proven facts, but defendant did not even submit a theory as to what might have caused the sign to fall.

Defendant also claims that the verdict for the woman plaintiff is excessive. She testified that she has pain in her right breast even up to the present time. A doctor was consulted within a few days after the accident and he prescribed hot applications to the bruised right breast. Some few weeks later a lump developed in the breast, gradually increasing till it became the size of an egg. This swelling was lanced by the physician in July of 1948 and then the incision was kept open purposely for a considerable period with a drain and irrigated about sixteen times and treated with penicillin. Mrs. Wilkes believed that she was developing cancer. This anxiety neurosis persisted for a considerable period and her physician stated that in his opinion that it was entirely involuntary. The doctor bill was $100 and certainly an additional $200 to the husband plaintiff for the protracted loss of the normal companionship of his wife could not be viewed as extravagant. Neither is the verdict of $2,200 for the woman plaintiff excessive.

The motion for a new trial will also be refused.

### Order

And now, November 12, 1953, the motions ex parte defendant, Stanley Company of America, a corporation, for judgment non obstante veredicto, or for a new trial, be and the same are hereby respectively refused.

The prothonotary is authorized and directed to enter judgment on the verdicts on receipt of the jury fee.